UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND E. HOBBS,

      Petitioner,                      Case No. 2:16-cv-12556
                                                  Hon. George Caram Steeh

v.

CARMEN D. PALMER,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

      This is a habeas case filed under 28 U.S.C. § 2254. Raymond E. Hobbs, ("Petitioner"), was convicted in the Wayne Circuit Court after a jury trial of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a firearm. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to 23 to 40 years imprisonment for the assault conviction, 6 to 10 years for the felon in possession conviction, and a consecutive 2 years for the firearm conviction. The petition raises two claims: (1) there was constitutionally insufficient evidence presented at trial to prove that Petitioner did not act in

self-defense, and (2) Petitioner's sentence for the assault conviction violates the Eighth Amendment. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> In this case, the jury heard testimony that defendant intentionally bumped Holt as he was leaving Holt's house, and then turned around and punched Holt in the jaw. Witnesses testified that Holt did not want to fight and did not retaliate after being punched by defendant. Holt did pull a pocketknife out of his pocket, but testified that he never opened it or threatened defendant with it. The jury received testimony that Holt was inside his home and defendant was outside the home on the front porch, with a closed door separating the two of them, when Holt pulled out the knife. Defendant admitted that he was angry, wanted to fight, and did not leave the premises. Holt testified that he was holding the door shut from inside the home, trying to prevent defendant from re-entering the house, when defendant obtained a weapon and fired it in his direction. Holt testified that he opened the door and tried to grab the weapon, which led to a struggle during which both men fell off the porch. According to Holt, defendant fired two more shots, and after

> Holt complained that he had been shot, defendant fired an additional two shots. Holt was struck by three bullets. Holt repudiated defendant's self defense argument that he charged defendant with an open knife. Holt's pocketknife was later found on the ground outside, in the closed position.

People v. Hobbs, No. 318014, 2014 WL 6602724, at *2-3 (Mich. Ct. App. Nov. 20, 2014).

Following his conviction and sentence, Petitioner filed a claim of appeal. His brief on appeal filed in the Michigan Court of Appeals raised two claims:

> I. Verdict of guilty based upon insufficient evidence constituted a denial of due process.
>
> II. Sentence imposed violated constitutional guarantees against cruel and/or
> unusual punishment.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. Hobbs, 2014 WL 6602724. Petitioner filed an application for leave to appeal in the Michigan Supreme Court that raised the same two claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. People v. Hobbs, 865 N.W.2d 14 (Mich. 2015) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103 (internal quotation omitted).

### III. Analysis

A. Sufficiency of the Evidence

Petitioner's first claim asserts that the prosecution presented constitutionally insufficient evidence to prove that he did not act in self defense. After reciting the applicable standard, the Michigan Court of Appeals rejected the claim on the merits as follows:

> Defendant's self-defense claim was premised on his account of the circumstances surrounding the offense.

> Defendant admitted he possessed a firearm, but claimed that he never produced it until after Holt came charging at him with an open knife, and that he fired the gun only to protect himself from the knife attack. Although this testimony supported a self-defense claim, the jury was not required to credit defendant's testimony. Rather, the credibility of defendant's account was up to the jury to decide. People v. Harrison, 283 Mich App 374, 378 (2009). This Court will not interfere with the fact-finder's role of determining the credibility of witnesses. Eisen, 296 Mich. App at 331.
>
> Viewed in a light most favorable to the prosecution, the jury could reasonably infer from the testimony that defendant did not honestly and reasonably believe that Holt was a threat to him.

Hobbs, 2014 WL 6602724, at *3.

This decision did not result in an unreasonable application of clearly established federal law.

First, Respondent correctly notes that Petitioner's claim is not cognizable on habeas review since clearly established federal law does not require the prosecution to disprove an affirmative defense beyond a reasonable doubt. Under Michigan law, self-defense is an affirmative defense. See People v. Dupree, 486 Mich. 693, 704, 712 (2010). And although under Michigan law the prosecutor is required to disprove a claim of self-defense, see People v. Watts, 61 Mich. App. 309, 311 (1975), "[p]roof of the nonexistence of all affirmative defenses has never been

constitutionally required. . . ." See Smith v. United States,133 S. Ct. 714, 719, 184 L. Ed. 2d 570 (2013) (quoting Patterson v. New York, 432 U.S. 197, 210 (1977)).

The Supreme Court and the Court of Appeals for the Sixth Circuit have rejected the argument that the Constitution requires the prosecution to disprove self-defense beyond a reasonable doubt. See Gilmore v. Taylor, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting) ("In those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt"); Martin v. Ohio, 480 U.S. 228, 233-36 (1987); see also Allen v. Redman, 858 F. 2d 1194, 1197 (6th Cir.1988) (explaining that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law and citing Engle v. Isaac, 456 U.S. 107 (1982), and Duffy v. Foltz, 804 F.2d 50 (6th Cir. 1986)). Therefore, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." Caldwell v. Russell, 181 F.3d 731, 740 (6th Cir. 1999). As such, Petitioner's claim that

the prosecutor failed to disprove his affirmative defense is non-cognizable on habeas review. Id.

In any event, the claim is without merit because sufficient evidence was presented that Petitioner did not act in self defense. When reviewing the sufficiency of the evidence to support a criminal conviction, the critical inquiry is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 318-19 (internal citation and footnote omitted) (emphasis in the original). A federal court does not re-weigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). It is the province of the fact-finder to weigh the probative value of the evidence and resolve any conflicts in testimony. Neal v. Morris, 972 F.2d 675, 679 (6th Cir. 1992).

Here, evidence was presented at trial that Petitioner initiated the confrontation with the victim when he punched him in the face. There was testimony that the victim did not want to fight Petitioner, but he did pull an unopened pocket knife from his pocket. There was testimony that the victim never opened the knife, however, and he never threatened Petitioner with it. The victim testified that he was trying to prevent Petitioner from re-entering his home when Petitioner pulled out a handgun and fired it in his direction. The victim testified that he tried to grab the gun and was shot during the struggle. After the victim yelled that he had been shot, there was evidence presented that Petitioner shot him twice more. Clearly, the jury credited the victim's account of the incident and discredited Petitioner's account. Because the jury essentially chose to reject Petitioner's testimony that he acted in self-defense, which is a credibility determination that this Court must defer to, Petitioner is not entitled to habeas relief on his sufficiency of evidence claim. See Johnson v. Hofbauer, 159 F. Supp. 2d 582, 597-98 (E.D. Mich. 2001).

B. Severity of Petitioner's Sentence

Petitioner's second claim asserts that his 23-year minimum sentence for his assault conviction violates the Eighth Amendment because it is

disproportionate to the severity of the offense.

A habeas petitioner who seeks to challenge the severity of a prison sentence on Eight Amendment grounds faces a formidable challenge. He may obtain relief only by demonstrating that a state court decision contravened "clearly established" Supreme Court law. However, the Supreme Court has acknowledged 'that our precedents in this area have not been a model of clarity." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). "Indeed, in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." Id. The Supreme Court has found that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id.

In the present case, Petitioner's sentence fell within the maximum sentence set by state law, which included the possibility of a life sentence, and "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" United States v. Organek, 65 F. 3d 60, 62 (6th Cir. 1995)(citation omitted)(quoted with

approval in Austin v. Jackson, 213 F. 3d 298, 302 (6th Cir. 2000). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" Austin, 213 F. 3d at 301 (quoting Williams v. New York, 337 U.S. 241, 245 (1949)).

In light of "the vagueness" of the gross-disproportionality principle and the admonition that the principle is "applicable only in the 'exceedingly rare' and 'extreme' case," this Court concludes that the state courts did not unreasonably apply clearly established law in rejecting Petitioner's proportionality claim. See Smith v. Howerton, 509 F. App'x. 476, 484 (6th Cir. 2012)(internal quotations omitted).

As Petitioner's claims are without merit, the petition will be denied.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability by making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to

proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has not demonstrated entitlement to habeas relief with respect to any of his claims. The Court will therefore denya certificate of appealability with respect to all of Petitioner's claims. The Court will also deny permission to appeal this decision in forma pauperis because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificiate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

Dated:  March 20, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 20, 2017, by electronic and/or ordinary mail and also on Raymond E. Hobbs #240301, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846

s/Barbara Radke
Deputy Clerk